UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LEIDYS DAMARIS LAHERA LOPEZ,**

*Petitioner*,

v.                                                                                            Case No. 5:26-CV-0099-JKP

**KRISTI NOEM, Secretary,**
**U.S. Department of Homeland Security, et al.,**

*Respondents*.

### ORDER GRANTING
### PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1) filed pursuant to 28 U.S.C. § 2241 and a filing docketed by counsel as Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 2) that is titled "Petition for Writ of Habeas Corpus." The Court will consider the latter filing as a Motion for Temporary Restraining Order and refer to it accordingly. Respondents have submitted a Response (ECF No. 7), in which, in a footnote, they characterize it as an Abbreviated Response to preserve the legal issues and to conserve judicial and party resources. The Court finds no need to await a reply.

After reviewing the briefing, provided evidence, and applicable law, the Court grants the petition for the same reasons stated in prior decided cases.[1] Respondents acknowledge that this Court's prior rulings concerning similar challenges to the government policy or practice at issue

---

[1] Cases addressing detention under 8 U.S.C. § 1225(b)(1): *See*, *e.g.*, *Diaz Perez v. Thompson*, No. 5:25-CV-1664-JKP, 2025 WL 3654333 (W.D. Tex. Dec. 15, 2025); *Davila Mercado v. Lyons*, No. 5:25-CV-1623-JKP, 2025 WL 3654268 (W.D. Tex. Dec. 11, 2025).

Cases addressing detention under 8 U.S.C. § 1225(b)(2): *See*, *e.g.*, *Orellana v. U.S. Dep't of Homeland Sec.*, No. 5:25-CV-1028-JKP, 2025 WL 3471569 (W.D. Tex. Nov. 24, 2025); *Gonzalez v. Ortega*, No. 5:25-CV-1156-JKP, 2025 WL 3471571 (W.D. Tex. Nov. 24, 2025); *Trujillo v. Noem*, No. 5:25-CV-1266-JKP, 2025 WL 3471572 (W.D. Tex. Nov. 24, 2025); *Granados v. Noem*, No. SA-25-CA-01464-XR, 2025 WL 3296314 (W.D. Tex. Nov. 26, 2025).

Case addressing § 1225(b)(1) and § 1225(b)(2): *Tinoco Pineda v. Noem*, No. SA-25-CA-01518-XR, 2025 WL 3471418 (W.D. Tex. Dec. 2, 2025).

in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions. While Respondents respectfully disagree with those decisions, the factual and legal issues presented in this case do not differ in any material fashion from those presented in the identified decisions. Respondents present their abbreviated response to highlight certain arguments and to provide updated citations to recent decisions within the Fifth Circuit that have ruled in their favor.

The Court recognizes that a few courts have sided with Respondents on issues raised in this case. But this Court has followed a different path. A path paved from an overwhelming majority of cases addressing the issues, with selected cases forming the structure of the orders granting habeas relief. Thus far, to the undersigned's knowledge, the Western District of Texas has unanimously rejected Respondents' position when faced with typical facts, such as those present here. The Court will not abandon the path forged these past couple of months merely because some district courts disagree. At this point, it will take more than such disagreement to alter course. A persuasive circuit case might provide reason to at least consider an alternate approach. And it goes without saying that binding precedent would be most helpful to ascertaining the correctness of the chosen path. Absent such new legal developments, this Court's path remains the same. Therefore, while the Court appreciates the citation of cases that have sided with Respondents in some respect, the Court does not view those cases as enough to deviate from the current path.

Despite the cited district court cases, the Court does not find that this case is materially distinguishable from numerous others that have rejected Respondents' position and their jurisdictional arguments. Its consistent analysis is that neither § 1225(b)(1) nor § 1225(b)(2) permit Respondents to detain noncitizens under facts like those now before the Court.

For reasons stated previously in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas petition; (2) Respondents have violated provisions of the Immigration and Nationality Act; (3) Petitioner cannot be detained under 8 U.S.C. § 1225(b); (4) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one; and (5) *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. 2025) does not preclude granting habeas relief in this case at this time. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241 and declines to consider any constitutional or other challenge presented. Under the facts and circumstances of this case, this Court concludes Petitioner's detention is unlawful, and habeas relief is proper.

Accordingly, the Court **GRANTS** the Petition for Habeas Corpus (ECF No. 1). Given that ruling, the Court **MOOTS** the Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 2). It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Leidys Damaris Lahera Lopez from custody, under appropriate conditions of release, to a public place by to a public place **no later than January 24, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of her release as soon as practicable and no less than two hours before his release.

3. Any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED** so that Petitioner is released consistent with this order.

4. If Petitioner is re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that he be afforded a bond hearing.

5. Respondents shall **FILE** a Status Report no later than **January 25, 2026**, confirming that Petitioner has been released. If counsel for Petitioner disagrees with any aspect of the filed Status Report, counsel may file a separate Status Report.

A final judgment will be issued separately.

**IT IS SO ORDERED this 22nd day of January 2026.**

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE